**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 13-01561-CJC(JPRx)                    Date: October 8, 2013

Title: <u>NELVA CASTRO V. EVERHOME MORTGAGE COMPANY, ET AL.</u>

PRESENT:

**<u>HONORABLE CORMAC J. CARNEY, UNITED STATES DISTRICT JUDGE</u>**

<u>Michelle Urie</u>                                       <u>    N/A    </u>
Deputy Clerk                                        Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

None Present                                        None Present

**PROCEEDINGS: (IN CHAMBERS) ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE DISMISSED FOR FAILURE TO STATE A CLAIM**

    On April 10, 2013, Plaintiff Nelva Castro filed this action against Defendant Everhome Mortgage Company ("Everhome") asserting several causes of action related to the property at 1642 W. Orangethorpe Avenue, Fullerton, California (the "Subject Property"). (Dkt. No. 1 Exh. A ["Compl."].) On August 30, 2013, Ms. Castro amended the Complaint to add HSBC Bank USA, N.A., as Trustee (together with Everhome, "Defendants"). (Compl. at 1.) Ms. Castro alleges that in January 2005 she executed a deed of trust against the Subject Property as security for a $401,000 loan from Mylor Financial Group, Inc. ("Mylor"). (Compl. ¶¶ 10−11, 47.) Ms. Castro alleges that Mylor, a subprime lender, went out of business in August 2007 and that Everhome currently services her loan. (Compl. ¶ 15.) Ms. Castro asserts claims for (1) fraud, (2) negligent misrepresentation, (3) breach of the implied covenant of good faith and fair dealing, and (4) unconscionability. Based upon a review of the Complaint, it appears that Ms. Castro fails to state a claim upon which relief can be granted.

    Ms. Castro's claims of fraud and negligent misrepresentation appear to be premised on fraud that allegedly occurred at the time she transacted with Mylor in 2005 to execute the loan secured by the Subject Property. A plaintiff alleging fraud or mistake must "state with particularity the circumstances constituting fraud or mistake," Fed. R. Civ. P. 9(b), including the "who, what, when, where, and how" of the alleged fraud. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003). "To allege fraud with

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. SACV 13-01561-CJC(JPRx) | Date:  October 8, 2013 |
| | Page 2 |

particularity, a plaintiff . . . must set forth what is false or misleading about a statement, and why it is false." *Glen Holly Entm't, Inc. v. Tektronix, Inc.*, 100 F. Supp. 2d 1086, 1094 (C.D. Cal. 1999).  Here, Ms. Castro's allegations are wholly conclusory, and lack the necessary factual basis to satisfy Rule 9(b).  For example, Ms. Castro alleges that Defendants "ma[de] false oral statements and omitt[ed] material information regarding the terms of the loan and Plaintiff's application."  (Compl. ¶ 31.)  Ms. Castro also alleges that Defendants deceived her by "concealing the fact of securitization impairing modification," which caused her to take out a loan, "anticipating modification if times worsened."  (Compl. ¶¶ 26−27.)  Ms. Castro fails to allege with any specificity what facts were misrepresented, when the misrepresentations were made, how the misrepresentations are false, and which specific Defendants made the misrepresentations.  Indeed, the Complaint does not even allege facts from which it could be inferred that Defendants were in any way involved in the execution of the loan agreement between Ms. Castro and Mylor.

     Likewise, it appears that Ms. Castro fails to state a claim for breach of the covenant of good faith and fair dealing and unconscionability.  As noted above, the Complaint does not appear to allege that Defendants were parties to the original loan agreement or that they were in any way involved in the loan agreement.  Moreover, Ms. Castro's fourth cause of action for unconscionability must fail because unconscionability is a defense, not an affirmative cause of action.  *See Jones v. Wells Fargo Bank*, 112 Cal. App. 4th 1527, 1539 (2003).

     Accordingly, the Court **ORDERS** Ms. Castro to show cause why this case should not be dismissed for failure to allege any cognizable claim.  Ms. Castro shall file an opposition to the Court's order to show cause by October 21, 2013.  Defendants shall have until October 28, 2013 to file a response.  This matter will be decided on the papers without any hearing.

jcm

MINUTES FORM 11
CIVIL-GEN                                                                                           Initials of Deputy Clerk MU